UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BRIAN KEITH WOODBY,                    )
                                       )
        *Plaintiff*,                   )
                                       )
v.                                     )        Case No. 1:07-cv-3
                                       )
BRADLEY COUNTY, TENNESSEE,             )        Judge Mattice
SHERIFF DAN GILLEY, individually and in )
his official capacity, and MICHAEL     )
COOPER, individually and in his        )
official capacity,                     )
                                       )
        *Defendants*.                  )

## MEMORANDUM AND ORDER

Plaintiff Brian Keith Woodby brings this action against Defendants Bradley County,

Tennessee, Sheriff Dan Gilley, and Lieutenant Michael Cooper under 42 U.S.C. § 1983

and state law, for violation of his civil rights and injuries sustained when Defendant Cooper

used a taser on him while he was confined at the Bradley County Justice Center. Before

the Court is Defendants' collective Motion to Dismiss and/or for Summary Judgment [Court

Doc. 22].

For the reasons discussed below, Defendants' motion will be **GRANTED IN PART**

and **DENIED IN PART**.

## I.      STANDARD

Defendants title the instant motion as a "Motion to Dismiss and/or for Summary

Judgment." (Court Doc. 22.) Where a party asks the Court to consider matters outside of

the pleadings, determination as a motion to dismiss is improper. Fed. R. Civ. Proc. 12(d);

*see also Shelby County Health Care Corp. v. S. Council of Indus. Workers Health &*

*Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). Because Defendants have submitted affidavits and other extra-pleading materials in support of their motion, the Court will consider the instant motion as one for summary judgment and will apply the standard set forth in Federal Rule of Civil Procedure 56.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its

case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

In the instant case, Plaintiff filed a document entitled "Plaintiff's Response to Defendants' Motion for Summary Judgment 1:07-cv-03." (Court Doc. 24.) This "Response" does not address the merits of Defendants' motion; rather it poses an objection to a piece of evidence submitted by Defendants in support of their motion and asks the Court for additional time to substantively respond. (*Id*.) The Court interpreted Plaintiff's "Response" as a motion for an extension of time and granted Plaintiff additional time to file his substantive response. (Court Doc. 29.) Plaintiff then filed a Motion for Extension of Time to File Response to Summary Judgment [Court Doc. 30] which was granted by the Court, giving Plaintiff even more time to respond to Defendants' instant motion. (Court Doc. 33.) Nonetheless, Plaintiff has never filed a substantive response and has submitted no admissible evidence in opposition to Defendants' summary judgment motion*.*

Although Plaintiff has not responded to the instant motion, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must always bear the initial burden to demonstrate the absence of a genuine issue of material fact, even if the adverse party fails to respond. *Id*. The Court is required, at a minimum,

to evaluate Defendants' motion for summary judgment to ensure that they have discharged their initial burden. *Id.*

## II.    EVIDENTIARY MATTERS

This dispute arises out of the arrest of Plaintiff on a charge of disorderly conduct and his subsequent treatment while in custody at the Bradley County Justice Center, specifically Defendant Cooper's repeated use of a taser on the Plaintiff. Ordinarily, it is not difficult to identify which portions of the record may be considered in rendering a decision on summary judgment. In this case, however, there are a number of issues relating to the evidence submitted in support of summary judgment that need to be addressed before the Court can take up the merits of the motion.

The Court observes that Plaintiff's Complaint is not verified and therefore cannot serve as an affidavit in opposition to a summary judgment motion. Fed. R. Civ. Proc. 56(e). Plaintiff has presented no admissible evidence relating to events occurring at the time of his arrest or thereafter. The Court must therefore base its analysis on the only evidence available in the record, that provided by the Defendants.

Defendants have submitted properly executed and sworn affidavits from Tim Gobble, Dan Gilley, Travis Greene, Cheryl Holloway, and Keith Debow in support of their summary judgment motion. (Court Docs. 22-2, 22-3, 22-5, 22-6, and 26-2.) The Court will consider these affidavits in ruling on the instant motion.

Defendants have also submitted an unexecuted affidavit of Antonio Simpson. (Court Doc. 22-4.) "An unsworn affidavit cannot be used to support or oppose a motion for summary judgment." *Pollock v. Pollock*, 154 F.3d 601, 612 n. 20 (6th Cir. 1998).

-4-

Accordingly, the Court will not consider Simpson's unexecuted affidavit.

Exhibit F to Defendants' summary judgment motion consists of two Affidavits of Complaint that were executed by Deputies Greene and Holloway. (Court Doc. 22-7.) The Affidavits of Complaint were sworn and witnessed and set forth the details of the arrests of Plaintiff and his girlfriend which form the basis for the instant cause of action. (*Id.*) As these are sworn statements about the conduct underlying Plaintiff's § 1983 claims, they are admissible evidence and will be considered by the Court.

Exhibit G to Defendants' summary judgment motion is the arrest warrant issued for the Plaintiff when he failed to appear to face his disorderly conduct charges. (Court Doc. 22-8.) As this arrest warrant is a public record, it falls within a hearsay exception and is admissible. Fed. R. Evid. 803(8); *see also Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006) (district court's admission of notice of arrest under public record hearsay exception was not error); *United States v. Loyola-Dominguez*, 125 F.3d 1315 (9th Cir. 1997) (district court's conclusion that arrest warrant was public record not erroneous). Accordingly, the Court will consider exhibit G.

Exhibit H to Defendants' summary judgment motion consists of four typed statements. (Court Doc. 22-9.) These statements appear to have been given by Justice Center employees who witnessed the events that form the basis for this action, specifically Defendant Cooper's use of the taser on Plaintiff. In fact, one of these statements is purportedly given by Lieutenant Cooper. These statements, however, are neither sworn nor attached to an affidavit or other sworn document.

Without the appropriate authentication, exhibit H consists solely of out-of-court statements offered to prove the truth of the matter asserted. They are therefore hearsay

-5-

and inadmissible.[1]  Fed. R. Evid. 801(c) & 802.  Defendants have not established that

these unsworn statements fall within any of the hearsay exceptions.  Fed. R. Evid. 803.

Moreover, none of the statements indicate that they were made under penalty of perjury.

*See Pollock v. Pollock*, 154 F.3d 601, 612 n.20 (6th Cir. 1998) (unsworn declaration can

substitute for affidavit if it contains a statement indicating that it was made under penalty

of perjury).  Accordingly, the Court cannot consider any of the witness statements

contained in exhibit H in ruling on Defendants' summary judgment motion.  *Dole v. Elliott*

*Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991) ("the unsworn statements of the

two employees . . . must be disregarded because a court may not consider unsworn

statements when ruling on a motion for summary judgment.")

Defendants have also attached a number of documents to their Brief in Support of

Motion to Dismiss and/or for Summary Judgment.  Exhibits A-C to their brief consist of a

motion to dismiss and supporting documentation filed in a state court action brought by

Plaintiff against the Bradley County Sheriff's Office, Bob Gault, Information Director for the

Bradley County Sheriff's Department, Eric Watson, a Bradley County deputy, and WDEF

Channel 12 of Chattanooga.  (Court Doc. 23-2.)  The motion to dismiss was filed by the

defendants to that action through their attorney, Jeffery Atherton, the same attorney

representing the Defendants in the instant action.  Plaintiff was represented in that case

by John Wolfe, the same attorney representing Plaintiff in the instant action.

Most of the documentation supporting the motion to dismiss in the state court

litigation, contained in exhibits A-C, is largely irrelevant to the instant action.  (Court Docs.

---

[1]        Lt. Cooper's statement, while a statement of a party, is not an admission against interest and is therefore hearsay.  Fed. R. Evid. 801(d)(2).

-6-

23-2, 23-3, and 23-4.) Because the value of such evidence is questionable at best, the Court will assume that it is admissible and will consider it in ruling on Defendants' summary judgment motion.

The only noteworthy piece of evidence attached to Defendants' brief is a portion of a deposition of the Plaintiff taken by Defendants' attorney, Jeffery Atherton, in the state court case. (Court Doc. 23-2 at 11-27.) Plaintiff's deposition contains a description of the events that form the basis for the instant action, his arrest and detention at the Bradley County Justice Center. (*Id*. at 17.) Plaintiff's description of these events is highly probative evidence in this case.

A deposition taken in a different case may be admitted as a sworn statement or affidavit. *See Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-67 (9th Cir. 1981) (approving of the district court's admission of depositions taken in unrelated case as affidavits because they were made on personal knowledge and set forth admissible facts). Plaintiff was sworn to tell the truth at his deposition in the state court action and his statements are not hearsay when offered against him. Fed. R. Evid. 801(d)(2). By submitting Plaintiff's deposition testimony in support of their summary judgment motion, Defendants have waived any objection to the Court's use of this deposition testimony. *See Jordan v. Miller*, 2008 WL 213889, *2 (S.D. Ohio Jan. 24, 2008) (holding that party submitting deposition testimony taken in different case had waived any objection to the use of the deposition testimony). Accordingly, the Court will consider Plaintiff's deposition testimony in ruling on the instant motion.

### III.    FACTS

Having determined what evidence may be considered in ruling on Defendants'

Motion for Summary Judgment, the Court is now able to turn to the merits of Defendants'

motion.  As is required on a motion for summary judgment, the Court will construe the facts

before it, and draw all reasonable inferences, in the light most favorable to Plaintiff.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite*

*Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).  Those facts and inferences

are as follows.

On December 31, 2005, Plaintiff Brian Woodby and his girlfriend were riding in a car

that was driven by his mother.  (Affidavit of Complaint, Court Doc. 22-7.)  Deputy Cheryl

Holloway stopped the car and arrested Plaintiff's mother on suspicion of drunk driving.  (*Id*.)

Deputy Travis Greene responded to the scene to assist Deputy Holloway.  (*Id*.)  Plaintiff

and his girlfriend both appeared to be intoxicated.  (*Id*.; Affidavit of Travis Greene ("Greene

Aff."), Court Doc. 22-5, ¶ 8.)  The deputies called a wrecker to tow the car and offered

Plaintiff and his girlfriend a ride home in the wrecker.  (Greene Aff. ¶ 6.)

Plaintiff asked the deputies if he could just take his mother home.  (Deposition of

Brian Woodby ("Woodby Dep."), Court Doc. 23-2, p. 17.)  Deputy Greene started yelling

in Plaintiff's face and became aggressive.  (*Id*.)  In turn, Plaintiff became "belligerent,"

cursing and screaming at the deputies.  (Greene Aff. ¶ 6.)  Deputy Greene arrested Plaintiff

for disorderly conduct.  (*Id*. ¶ 7.)

Plaintiff was handcuffed and transported to the Bradley County Justice Center.  (*Id*.

¶ 9.)  At some point during his confinement at the Justice Center, an ambulance was called

for Plaintiff. Plaintiff was strapped to a stretcher and placed in a neck collar. (Woodby Dep. at 17; Affidavit of Keith Debow ("Debow Aff."), Court Doc. 26-2, ¶ 10.) Plaintiff struggled to free his arms and Lieutenant Mike Cooper applied a taser to Plaintiff's chest. (Woodby Dep. at 17.) Plaintiff pushed the taser off of him. (*Id*.) Deputy Cooper then applied the taser to Plaintiff's testicles. (*Id*.) Plaintiff was taken to the hospital. (*Id*. at 18.)

## III. ANALYSIS

### A. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the statute of limitations. The statute of limitations for § 1983 claims is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003).

Plaintiff was arrested around 11:30 p.m. on December 31, 2005. (Woodby Dep. at 13.) He was then transported to the Bradley County Justice Center, where the events that form the basis for the instant action occurred. (*Id*. at 17; Greene Aff. ¶ 4.) Defendants concede that the relevant events culminated on January 1, 2006. (Court Doc. 23 at 5.)

When calculating the last day for a limitations period under the federal procedural rules, "the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday or day when the clerk's office is inaccessible." Fed. R. Civ. Proc. 6(a)(3).

Plaintiff's statute of limitations began to run on January 1, 2006. His one year limitations period therefore expired on the first day after January 1, 2007 that was not a Saturday, Sunday or legal holiday. President George W. Bush declared January 2, 2007 a federal holiday in honor of the passing of former president Gerald Ford. Exec. Order 13,421, 72 F.R. 425 (2006). As such, it was a legal holiday for purposes of calculating

Plaintiff's limitations period.  Fed. R. Civ. P. 6(1)(4)(A) (defining "legal holiday" to include "any other day declared a holiday by the President").

Plaintiff filed his Complaint on January 3, 2007.  (Court Doc. 1.)  Plaintiff's Complaint was therefore timely.

**B.      42 U.S.C. § 1983**

Plaintiff alleges that his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated, giving rise to a cause of action pursuant to 42 U.S.C. § 1983.  (Complaint ¶ 12.)  Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law."  *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law."  *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).  Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."  *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

-10-

With respect to Plaintiff's § 1983 claims against Defendants Gilley and Cooper in their official capacities, the Court notes that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, the § 1983 claims against Gilley and Cooper in their official capacities are actually claims against Bradley County and are redundant in light of identical claims brought against the County. Therefore, Plaintiff's § 1983 claims against Gilley and Cooper in their official capacities are **DISMISSED WITH PREJUDICE**.

1.    *Claims against Lieutenant Cooper in his individual capacity*

Plaintiff claims that Lieutenant Cooper's use of the taser constituted excessive force in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (Complaint ¶¶ 9, 12.) In order to determine whether a use of force is excessive, the Court must first examine the appropriate constitutional standard against which to measure the force. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force . . . . The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard.").

At the outset, the Court notes that the Eighth Amendment's protections apply only to post-conviction inmates. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005); *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992). As Plaintiff's § 1983 claims do

-11-

not relate to any post-conviction treatment, Plaintiff cannot sustain an Eighth Amendment claim. Accordingly, Plaintiff's § 1983 claims under the Eighth Amendment are **DISMISSED WITH PREJUDICE**.

A claim of excessive force against a public official in the course of an arrest or investigatory stop is analyzed under the Fourth Amendment reasonableness stricture. *Id.* at 394-97. The plaintiff must prove that the official action was objectively "unreasonable" "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight ." *Id.* at 396. In considering the reasonableness of the force used, the court must consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396.

At some point, the Fourth Amendment reasonableness standard ceases to apply and a higher standard is imposed under a theory of substantive due process under the Fourteenth Amendment. In *Graham*, for example, the Supreme Court discussed with approval the appropriate standard for a pretrial detainee established in *Johnson v. Glick*, 481 F.2d 1028, 1032-33 (2nd Cir.1973). In that case, the court invoked the Due Process Clause of the Fourteenth Amendment instead of the Fourth Amendment and held that the force used crosses the constitutionally established line only if it "shocks the conscience" of the court. *Id*. Unlike a reasonableness standard, "the constitutional concept of conscience shocking . . . points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). There must be "conduct intended to injure in some way unjustifiable by

any government interest." *Id*. at 849. The distinction is ultimately "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. at 853. Relevant factors also include "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The point at which the substantive due process standard of the Fourteenth Amendment applies, as opposed to the reasonableness standard of the Fourth Amendment, is somewhat unclear. The Sixth Circuit has held that "the seizure that occurs when a person is arrested continues throughout the time the person remains in the custody of the arresting officers," and thus that the Fourth Amendment reasonableness standard is applicable during this period. *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir.1988). In *Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002), the court found that the Fourth Amendment applied where the plaintiff was in the custody of the arresting officers in the booking area of the police station at the time of the alleged incident.

In the instant action, many of the circumstances surrounding Cooper's use of the taser on Plaintiff are unclear. The only evidence properly before the Court with regard to the relevant events is a portion of a deposition of the Plaintiff taken in a different case. (Court Doc. 23-2 at 17.) Plaintiff's description of the tasing in his deposition is an unguided narrative that does not delve deeply into the specifics of the events. Plaintiff states that he was at the jail when the taser was applied but is not specific as to whether he was in the booking area or elsewhere. (*Id*.) As discussed above, Cooper's statement, as well as the statements of other officers who witnessed the tasing, are not properly before the Court.

-13-

It is clear from the evidence that Lieutenant Cooper was the individual who applied the taser and that Deputy Greene was the arresting officer in this case. Deputy Greene mentions nothing about the tasing in his affidavit. (Court Doc. 22-5.) Based on this evidence, the Court infers that Deputy Greene was not present when Lieutenant Cooper tased the Plaintiff. As Plaintiff was not in the custody of the arresting officer at the time that he was tased, the Fourth Amendment's excessive force standards are inapplicable to the instant action. *See Turner v. French*, 2008 WL 783757, *2 (E.D. Mich. Mar. 21, 2008) (where plaintiff had been released by arresting officers to jail personnel and was in the process of completing the booking process the Fourth Amendment excessive force standards did not apply). Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's Fourth Amendment excessive force claim and such claim is **DISMISSED WITH PREJUDICE**.

As neither the protections of the Fourth Amendment nor the Eighth Amendment apply to the force used against Plaintiff in this case, the Fourteenth Amendment provides the appropriate standard upon which to evaluate whether the force used against Plaintiff in this case. *See Phelps*, 286 F.3d at 300 (court should apply Fourteenth Amendment standards when Fourth and Eighth Amendment are inapplicable).

In their Motion for Summary Judgment, Defendants state that "[t]here are no facts supporting any claims under the . . . Fourteenth Amendment and therefore, dismissal and/or summary judgment is proper." (Court Doc. 22 at 2.) While Defendants' brief in support of summary judgment thoroughly analyzes Plaintiff's Fourth Amendment claim under the "reasonableness" standard, as well as Plaintiff's Eighth Amendment claim, it fails

to address Plaintiff's Fourteenth Amendment claim and the Fourteenth Amendment's excessive force standard. There is no discussion as to whether Lieutenant Cooper's use of the taser was "applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *County of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998).

The Court "has no duty to search the entire record to establish that it is bereft of any genuine issue of material fact," *Mining Machinery, Inc. v. Copley*, 145 Fed. App'x 149, 152 (6th Cir. 2005) (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)), and it declines to do so. "'It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving a court to . . . put flesh on its bones.'" *Meridia Prods. Liab. Lit. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

Defendants failure to develop their argument with regard to Plaintiff's Fourteenth Amendment claim is a sufficient basis to deny their motion with respect to this claim. *See*, *e.g.*, *Beedle v. Demasi*, 2006 WL 2457619, at *2 (E.D. Mich. Aug. 27, 2006) (denying defendants' motion for summary judgment, noting, "[D]efendants have ... presented their arguments in the most skeletal way, apparently hoping that the court might embrace one or more of those arguments and then perform the necessary analysis. Defendants' brief in this matter is wholly insufficient to place the arguments ... squarely before the court for adjudication. The court would prefer to have full briefing from both sides before addressing theses issues."). Accordingly, Defendants' Motion for Summary Judgment [Court Doc. 22] is **DENIED** with respect to Plaintiff's Fourteenth Amendment excessive force claim against

-15-

Lieutenant Cooper in his individual capacity.

2.    *Plaintiff's claim against Sheriff Gilley in his individual capacity*

Plaintiff claims that Sheriff Gilley "condoned and acquiesced" in Cooper's use of the taser, that Sheriff Gilley did no investigation into the tasing, and that he was "negligent and/or recklessly indifferent" in retaining Lieutenant Cooper as an employee.  (Complaint ¶ 10.)  Defendants' argue that Sheriff Gilley is entitled to summary judgment on these claims because he did not order Plaintiff's arrest or detention, was not aware of them, and was not present when the events giving rise to this cause of action occurred.  (Court Doc. 23 at 20.)

Because it is undisputed that Defendant Gilley was not present when the taser was used on Plaintiff, the Court construes Plaintiff's excessive force claim against Gilley in his individual capacity as being pursued under the theory of supervisory liability.   Supervisory liability may be based upon any of the following: (1) active participation in the unconstitutional conduct; *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); (2) encouragement or condonement of the specific incident of misconduct; *id.*; (3) a policy of inadequately training subordinates; *Barber v. Salem*, 953 F.2d 232, 236 (6th Cir.1992); or (4) failure to conduct a reasonable inquiry after the fact; *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir.1985); *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir.1990).

It is undisputed that Sheriff Gilley was not at the jail when Cooper used the taser on Plaintiff and could not, therefore, have actively participated in the tasing.  Sheriff Gilley has stated that he did not order, and was not aware of, Plaintiff's arrest and subsequent detention.  (Gilley Aff. ¶ 15.)  Sheriff Gilley has also stated that the Bradley County Sheriff's

-16-

Office has a policy of training its personnel on the proper use of the taser and that Cooper had completed this training. (*Id.* ¶¶ 7, 8.) Finally, Sheriff Gilley has stated that he reviewed Cooper's actions and determined that no excessive force was used and that, therefore, no discipline was warranted. (*Id.* ¶ 14.)

Plaintiff has offered no evidence to dispute any of Sheriff Gilley's statements. Accordingly, there is no genuine issue of material fact in dispute as to whether Sheriff Gilley is liable for Cooper's use of the taser under a theory of supervisory liability. Defendants' Motion for Summary Judgment [Court Doc. 22] is **GRANTED** as to Plaintiff's § 1983 excessive force claim against Sheriff Gilley in his individual capacity and such claim is **DISMISSED WITH PREJUDICE**.

### 3. *Municipal liability*

Plaintiff claims that Defendant Bradley County ("County") has a policy and custom of using excessive force against both prisoners and arrestees. (Complaint ¶ 11.) Plaintiff also claims that the County is liable because it failed to exercise to appropriate level of supervision and discipline over Cooper. (*Id.*) Finally, Plaintiff claims that the County violated his constitutional rights by "causing false facts about [Plaintiff's] past to be published in various media." (*Id.*)

### a. *Respondeat Superior* Liability

First, Defendants seek the dismissal of Plaintiff's § 1983 claims against the County to the extent such claims are based on the theory of *respondeat superior*.

It is well-established that a governmental entity cannot be held liable under § 1983 on a theory of *respondeat superior. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691

(1978). Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's § 1983 claims against the County to the extent such claims are based on a theory of *respondeat superior*, and such claims are **DISMISSED WITH PREJUDICE**.

b.      Liability for publishing of false facts

Plaintiff claims that the County caused false facts about his past to be published and that this violated his constitutional rights. (Complaint ¶ 11.) In order to set forth a § 1983 claim against a municipality, a plaintiff must: 1) establish that he was deprived of a constitutional right; 2) identify an official municipal policy or unofficial custom; and 3) demonstrate how the identified policy or custom served as the "moving force" behind the constitutional violation. *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 1000 (6th Cir.1994) (citing *Monell v. Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978)).

Plaintiff has failed to establish that he was deprived of a constitutional right by having false information published by the County. The Court of Appeals for the Sixth Circuit has held that "reputation is not a protected liberty or property interest under the Due Process Clause," and that "defamation alone is not a constitutional deprivation." *BPNC, Inc. v. Taft*, 147 Fed. App'x 525, 532 (6th Cir. 2005) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). Plaintiff has failed to identify any constitutional right which could have possibly been infringed by the publishing of false information. Accordingly, Defendants' Motion for Summary Judgment [Court Doc. 22] is **GRANTED** with regard to Plaintiff's claim that the County violated a constitutional right by publishing false information about him and such claim is **DISMISSED WITH PREJUDICE**.

c.      Unconstitutional Policy, Custom, or Practice

The County also seeks dismissal of Plaintiff's § 1983 claims against it to the extent such claims are based on an alleged unconstitutional policy, custom, or practice.

Although a governmental entity cannot be held liable under § 1983 on the basis of a theory of *respondeat superior*, such an entity can be liable "when execution of [the entity's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [Plaintiff's] injury." *Monell*, 436 U.S. at 694. To be held liable, such policy or custom of the entity must be the "moving force" behind the constitutional violation. *Id.*

Sherriff Gilley has stated that the County has a policy of requiring all Sheriff's Department personnel to undergo training and obtain certification before using a taser. (Gilley Aff. ¶ 7.) Plaintiff has offered no evidence to rebut this assertion. Plaintiff has failed to put any evidence in the record showing inadequacies in the County's training programs. Nor is there evidence in the record of any County policy or custom approving the use of excessive force against prisoners and arrestees. Plaintiff has therefore failed to establish that the County is liable for having an unconstitutional policy that was the moving force behind Lieutenant Cooper's use of force in this case.

Failure to train may serve as the basis for § 1983 municipal liability, but only "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of" persons with whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). "A showing of simple or even heightened negligence" is not sufficient to establish deliberate indifference. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997); *Stemler v. City of Florence*, 126 F.3d

-19-

856, 865 (6th Cir. 1997). Rather, " 'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410; *Stemler*, 126 F.3d at 865. Thus, municipal liability is proper only when "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

A plaintiff ordinarily cannot demonstrate that a governmental entity acted with deliberate indifference without showing that it was aware of prior unconstitutional actions of its employees and failed to respond. *Id*. at 390-91. Plaintiff has failed to put any evidence in the record showing that the County had knowledge of prior instances of excessive force by its personnel or that the County ignored a prior use of unconstitutional force. Accordingly, Plaintiff has failed to establish a genuine issue of material fact in dispute as to whether the County is liable for failure to train its personnel.

Plaintiff also contends that the failure of the County to investigate Lieutenant Cooper's actions and to discipline him is sufficient to give rise to liability. (Complaint ¶ 11.) Ordinarily, a subsequent failure to investigate is not a "moving force" behind an alleged constitutional violation. *Shepherd v. City of Columbus*, No. 04-CV-302, 2006 WL 840386, at *7 (S.D. Ohio Mar. 30, 2006). In some cases, however, the failure to investigate "rises to the level of a policy of acquiescence that in itself was the 'moving force.' " *Id.* In such cases, evidence of "a post-injury failure to investigate . . . may permit an inference that the misconduct which injured the plaintiff was pursuant to an official policy or custom."

*Tompkins v. Frost*, 655 F. Supp. 468, 472 (E.D. Mich. 1987).

In this case, Plaintiff has failed to establish that the County did not investigate Cooper's use of the taser. Sheriff Gilley had stated that he reviewed reports of the events and determined that no County policy had been violated and, therefore, no discipline was warranted. (Gilley Aff. ¶¶ 9, 14.) Plaintiff has offered no evidence refuting these assertions and has therefore failed to establish that the County is liable for failure to investigate.

To show liability for failure to discipline, Plaintiff must establish "a custom of tolerance or acquiescence of federal rights violations." *Thomas*, 398 F.3d at 429 (emphasis added). A custom for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. *Doe v. Claiborne County, Tenn. ex rel. Claiborne County Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (internal quotations omitted). Even assuming that Lieutenant Cooper violated Plaintiff's rights on this occasion, Plaintiff has failed to demonstrate that the County had disregarded past violations of federal rights perpetrated by either Lieutenant Cooper or any other Bradley County employees. Without such a showing, Plaintiff has only Lieutenant Cooper's instant constitutional violation, which is not sufficient to show that the County had a "permanent and well settled" custom of turning a blind eye towards its officer's constitutional infringements. *See Thomas*, 398 F.3d at 432-33.

Accordingly, Plaintiff has not presented sufficient evidence to avoid summary judgment as to his § 1983 claims against the County. Defendants' Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's § 1983 claims against the County, and such claims are **DISMISSED WITH PREJUDICE**.

-21-

**B.    State Law Claims**

Plaintiff asserts two state law claims in his Complaint: (1) assault and battery and (2) intentional infliction of emotional distress.   As an initial matter, because one of the Defendants is a governmental entity, the Tennessee Governmental Tort Liability Act ("TGTLA") is invoked.   Under the TGTLA, "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary."   Tenn. Code Ann. § 29-20-201(a).   "Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except if the injury arises out of*: . . . false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or *civil rights* [or] the institution of prosecution of any judicial or administrative proceeding, even if malicious or without probable cause . . . ."   Tenn. Code Ann. § 29-20-205 (emphasis added).   The exceptions listed in § 29-20-205 are the only torts for which immunity is *not* removed when an injury is proximately caused by a negligent act or omission of an employee within the scope of his employment.   *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001).

As noted above, § 29-20-205 provides that immunity for the governmental entity is retained when the injury arises out of "civil rights."   The Court construes "civil rights" under § 29-20-205 as including claims arising under the federal civil rights laws and the United States Constitution.   *Hale v. Randolph*, 2004 WL 1854179, at *17 (E.D. Tenn. Jan. 30,

2004); *cf. Brooks v. Sevier County*, 279 F. Supp. 2d 954, 960 (E.D. Tenn. 2003).  Here, as in *Hale*, Plaintiff's state law claims against the County "clearly arise out of and directly flow from the allegations that the police officers deprived [Plaintiff] of [his] civil rights."  *Hale*, 2004 WL 1854179, at *17.  Because Plaintiff asserts his state law claims in the context of what is fundamentally a civil rights case, his alleged injuries arise out of "civil rights" and the County is entitled to immunity under the TGTLA.  *See id*.  Accordingly, Plaintiff's state law claims against Bradley County are **DISMISSED WITH PREJUDICE**.  Because the Court has dismissed all of Plaintiff's federal and state law claims against it, Bradley County is hereby **DISMISSED WITH PREJUDICE** as a party defendant from this action.

Under the TGTLA, if the governmental entity is not amenable to suit – in other words, if immunity has not been removed by § 29-20-205 – then employees of the entity are proper party-defendants.  Tenn. Code Ann. § 29-20-310(c).  Because the County is immune from Plaintiff's state law claims, these claims are properly brought against Lieutenant Cooper and Sheriff Gilley individually.

Defendants only argument with regard to Plaintiff's state law claims against Lieutenant Cooper and Sheriff Gilley is that such claims are barred by § 29-20-310(b) of the TGTLA.  (Court Doc. 23 at 27.)  Section 29-20-310(b) provides that no claim may be brought against an employee of a governmental entity if immunity is removed as to the governmental entity for that claim.  As discussed above, however, the County's immunity is not removed for Plaintiff's state law claims because they fundamentally arise out of a civil rights action.  Accordingly, § 29-20-310(b) does not immunize the individual defendants from Plaintiff's state law claims.

-23-

Defendants have failed to develop any substantive argument in support of their motion for summary judgment with regard to Plaintiff's state law claims against the individual defendants. Defendants have not set forth the applicable legal standards and have failed to analyze the relevant issues. Defendants have therefore failed to meet their initial burden of establishing an absence of a dispute of material fact with regard to whether the individual defendants are liable for assault and battery or intentional infliction of emotional distress. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Accordingly, Defendants' Motion for Summary Judgment [Court Doc. 22] is **DENIED** with respect to Plaintiff's state law claims against Sheriff Gilley and Lieutenant Cooper in their individual capacities.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment [Court Doc. 22] is **GRANTED IN PART** and **DENIED IN PART**.

The Court further **ORDERS** the following:

1. All claims against Defendants Cooper and Gilley in their official capacities are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's § 1983 excessive force claim is **DISMISSED WITH PREJUDICE** to the extent that it alleges a violation of the Eighth Amendment;

3. Plaintiff's § 1983 excessive force claim is **DISMISSED WITH PREJUDICE** to the extent that it alleges a violation of the Fourth Amendment;

4. Plaintiff's § 1983 claim for supervisory liability against Defendant Gilley in his individual capacity is **DISMISSED WITH PREJUDICE**.

5.     All claims against Defendant Bradley County are **DISMISSED WITH PREJUDICE**;

6.     Defendant Bradley County is **DISMISSED WITH PREJUDICE** as a party defendant to this action.

The following claims remain pending in this action:

1.     Plaintiff's § 1983 excessive force claim against Defendant Michael Cooper in his individual capacity to the extent that it alleges a violation of the Fourteenth Amendment;

2.     Plaintiff's state law claim for assault and battery against Defendants Dan Gilley and Michael Cooper in their individual capacities;

3.     Plaintiff's state law claim for intentional infliction of emotional distress against Defendants Dan Gilley and Michael Cooper in their individual capacities.

SO ORDERED this 15th day of December, 2008.

_____*/s/Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE